**COPELCO CAPITAL, INC., Plaintiff,**

v.

**GENERAL CONSUL OF BOLIVIA,
etc., Defendant.**

**No. 96 Civ. 4565 (LAK).**

United States District Court,
S.D. New York.

Oct. 8, 1996.

David A. Loglisci, Moritt, Hock & Hamroff, LLP, Hempstead, NY, for Plaintiff.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action against the General Consul of Bolivia for alleged breach of an equipment lease. The matter is before the Court on plaintiff's motion for a default judgment.

### Facts

The complaint alleges that on or about October 6, 1995, plaintiff and the General Consul of Bolivia entered into an equipment lease agreement pursuant to which plaintiff leased certain equipment to the defendant in return for certain monthly payments. Defendant allegedly defaulted in making the required payments. Plaintiff accelerated the balance of the rent payable pursuant to the lease and commenced this action to recover the sum allegedly due.

According to the proof of service filed, plaintiff purportedly served the defendant by mailing copies of the summons and complaint to the General Consul by certified mail, return receipt requested, at the latter's last known address. (Loglisci Aff. Ex. B) Plaintiff has tendered on this motion the return receipt, which contains an illegible scrawl on the line provided for the signature of the addressee or its agent. (*Id.* Ex. C) The defendant neither has appeared nor answered in this action.

### Discussion

■ A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, "which also means that he must have been effectively served with process." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2682, at 407 (1983). Accordingly, the Court must examine the sufficiency of plaintiff's attempted service of process.

The complaint purports to rest subject matter jurisdiction on 28 U.S.C. § 1351 (cpt ¶ 4), which confers upon the district courts exclusive jurisdiction of all civil actions and proceedings against consuls of foreign states or members of a mission or of their families but which does not address the subject of how service shall be made in such matters. The affidavit of service relies upon the service provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq.*

The FSIA confers on the district courts subject matter jurisdiction over nonjury civil actions against foreign states to the extent that they are not entitled to immunity. 28 U.S.C. § 1330(a). "Foreign state" is defined to include political subdivisions and agencies or instrumentalities. *Id.* § 1603(a). An "agency or instrumentality" of a foreign state is defined in relevant part as an entity which is (1) "a separate legal person, corporate or otherwise," (2) "an organ of a foreign state or political subdivision thereof," and (3) "neither a citizen of a State of the United States . . . nor created under the laws of any third

country." *Id.* § 1603(b). Although some courts have assumed that a foreign consul is a "foreign state" within the meaning of the FSIA,[1] it is not entirely clear that a foreign consul is "a separate legal person" and thus within the statutory definition. But it ultimately is unnecessary to decide the point because the service in this case did not comply with the provisions of the FSIA.

Service under the FSIA on agencies and instrumentalities of foreign states is governed by 28 U.S.C. § 1608(b), which provides three alternate methods. First, service may be made by "delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality ..." *Id.* § 1608(b)(1). Second, if no special arrangement exists, service may be made by delivery to an officer, a managing or general agent, or an agent authorized to receive service in the United States or in accordance with an applicable international convention. *Id.* § 1608(b)(2). If service cannot be effected in either of these ways, it may be accomplished by delivery of the summons and complaint, "together with a translation of each into the official language of the foreign state," as directed by the foreign state in response to a letter rogatory or request, by mail dispatched by the clerk of the court and requiring a signed receipt, or as directed by the court. *Id.* § 1608(b)(3).

■ Here, plaintiff relies only on Section 1608(b)(1), claiming that service was made in accordance with a special arrangement between the plaintiff and the defendant. Counsel's affidavit claims that service was made:

"in accordance with a special arrangement for service between the Plaintiff and the Defendant, that is, by certified mail, return receipt requested. *The lease agreement executed by the Defendant* (a copy of which is annexed as Exhibit '1' to the accompanying Affidavit of Bonny Zajac) *provides in paragraph '12' that '[Defendant agree[s] that service of process by certified mail,*

*return receipt requested, shall be deemed the equivalent of personal service in any ... action [arising out of this Agreement].'*" (Loglisci Aff. ¶ 4) (emphasis added).

If the facts were as represented in counsel's affidavit, service would have complied with the FSIA. The facts, however, are not as represented. Paragraph 12 of the lease, a printed form prepared by plaintiff, actually provides in relevant part:

"YOU CONSENT TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF NEW JERSEY WITH RESPECT TO ANY ACTION ARISING OUT OF THIS AGREEMENT OR THE EQUIPMENT. THIS MEANS THAT ANY LEGAL ACTION FILED AGAINST YOU MAY BE FILED IN NEW JERSEY AND THAT YOU MAY BE REQUIRED TO DEFEND AND LITIGATE ANY SUCH ACTION IN NEW JERSEY. You agree that service of process by certified mail, return receipt requested, shall be deemed the equivalent of personal service *in any such action.*" (Zajac Aff. Ex. 1, ¶ 12) (emphasis added).

The lease thus provided for service by certified mail, return receipt requested, only in actions in "the courts of the State of New Jersey." In consequence, there is no basis for concluding that the defendant consented to such service in any action in this Court. Accordingly, service was not properly made and the Court lacks jurisdiction over the defendant's person.

■ An additional point warrants comment. Plaintiff's counsel obviously had the precise terms of paragraph 12 of the lease before him in preparing his affidavit, as he quoted part of it. The quotation, as is obvious from the preceding discussion, was selective and misleading, quite possibly designedly so. The Court therefore will consider the imposition of sanctions on counsel.

---

1. *Compare Gerritsen v. de la Madrid Hurtado,* 819 F.2d 1511, 1517 (9th Cir.1987) (assuming that Mexican Consulate is "a separate legal person" and, in consequence, holding that it is a "foreign state"); *Gray v. Permanent Mission of the People's Republic of the Congo to the United Nations,* 443 F.Supp. 816, 820 (S.D.N.Y.1978) (Congo Mission is "foreign state"), *with Chuidian v. Philippine Nat. Bank,* 912 F.2d 1095, 1101–03 (9th Cir.1990) (Philippine solicitor general not foreign state).

*Conclusion*

The motion for a default judgment is denied. Plaintiff's counsel, David A. Loglisci, is directed, pursuant to FED.R.CIV.P. 11(c)(1)(B) and the inherent power of the Court, to show cause, on or before October 22, 1996, why sanctions should not be imposed upon him on the ground that his affidavit did not comply with Rules 11(b)(1) and 11(b)(3) and were misleading and vexatious.

SO ORDERED.